IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LATIFAH TRAVIS-BEY, and<br>NAREE ABDULLAH | : <br> : <br> : | Case No. 4:13-cv-1972 |
| Plaintiff | : | (Judge Brann) |
| v. | : <br> : | |
| KLOPOTOWSKI, | : <br> : | (Magistrate Judge Blewitt) |
| Defendant. | : | |

**ORDER**

March 21, 2014

Before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation regarding the Plaintiffs's Complaint (ECF No. 11), Plaintiff Naree Abdullah's Motion to Appoint Counsel (ECF No. 18), and Plaintiff Abdullah's Motion for Leave to File an Amended Complaint (ECF No. 20).

The undersigned has given full and independent consideration to the August 23, 2013 Report and Recommendation of Magistrate Judge Blewitt.  The Plaintiff filed Objections (ECF No. 17).

Because the Court agrees with much of Magistrate Judge Blewitt's analysis, the Court will not rehash the reasoning of the Magistrate Judge and will adopt the report and recommendation in pertinent part.  The Court does not adopt the

portions of the Magistrate Judge's recommendation that dismiss certain claims and defendants with prejudice, because the Plaintiff should enjoy the opportunity to submit an amended complaint in an attempt to plead facts with the appropriate degree of plausibility or particularity that the individual claims require.

Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2) ; see also Foman v. Davis, 371 U.S. 178, 182 (1962).  Given the liberality of our pleading amendment standards and the Plaintiff's status as a pro se prisoner, justice requires leave to amend.  Plaintiff Abdullah's Motion for Leave to File an Amended Complaint is granted.  Plaintiff may address those claims that are dismissed without prejudice.

Regarding the Plaintiff's Motion to Appoint Counsel, the United States Code provides, in pertinent part, that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Nevertheless, "[t]he Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997).  Nor is there a statutory right to counsel for civil litigants. Id.

Rather, the statute "gives district courts broad discretion to determine

whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis." Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993). Moreover, "counsel is normally appointed in civil cases for indigent parties only 'upon a showing of special circumstances indicating the likelihood of substantial prejudice to the indigent litigant.'" Shipman v. Rochelle, CIV. A. 3:11-1162, 2013 WL 1624290, at *1 (M.D. Pa. Apr. 15, 2013) (Mannion, J.) (quoting Maisonet v. City of Philadelphia, 06-CV-4858, 2007 WL 1366879, at *4 (E.D. Pa. May 7, 2007)). A district court's decision is "reviewable by a court of appeals for abuse of discretion," so it is "desirable for the district court to explain the reasons for its decision." Id.

Under the applicable analysis for this issue established by the United States Court of Appeals for the Third Circuit, the court should first "determine that the plaintiff's claim has some arguable merit in law and fact." Seawright v. Kyler, CIV.A. 1:02-1815, 2006 WL 709118, at *2 (M.D. Pa. Mar. 13, 2006) (Conner, J.). If the plaintiff's claim lacks merit, the judge may deny the request for counsel without proceeding further in the analysis. See id.

Because the threshold inquiry on considering a motion to appoint counsel is a merits analysis, in the interest of judicial economy, Magistrate Judge Blewitt shall address the Plaintiff's Motion in a report and recommendation that also

scrutinizes the merits of the Plaintiff's amended complaint.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Blewitt's Report and Recommendation is ADOPTED in part and REJECTED in part (ECF No. 11).

2. The defamation claim stated in Count 3 of Plaintiff's Complaint (ECF No. 4) is DISMISSED with prejudice.

3. Defendants Kerestes, Beggs, Tritt, Jane Doe #2, Jane Doe #3, John Doe #1, John Doe #4, K9 Rylee, Sgt. Hocking are DISMISSED from the action with prejudice.

4. Counts 4, 5, 6, and the Conspiracy claim in Count 3 of Plaintiff's Complaint are DISMISSED without prejudice.

5. Counts 1 and 2 of the Complaint are DISMISSED without prejudice.

6. Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED (ECF No. 20).  The Plaintiff shall file an amended complaint within twenty-one (21) days.

7. The case is REMANDED to Magistrate Judge Blewitt for further proceedings consistent with this Order.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge